UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Edith E. Leach,

    Plaintiff,

v.

    Case No. 2:10–cv–109

Michael J. Astrue, Commissioner
of Social Security,

    Judge Michael H. Watson

    Defendant.

## ORDER

This matter is before the Court on Plaintiff Edith E. Leach's January 25, 2011 objections to Magistrate Judge Abel's January 12, 2011 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that Plaintiff is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that Plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff argues that the Magistrate Judge failed to correctly consider her argument that the opinions of Drs. White and Richardson were entitled to controlling weight. She asserts that the Magistrate Judge incorrectly concluded that the opinions of Drs. Richardson and White were not supported by objective evidence in the record because he failed to consider the record as a whole, according to Plaintiff.

The Report and Recommendation states:

> In *Rogers v. Commissioner of Social Security.*, 486 F.3d 234, 253 (6th Cir. 2007), the Court noted, if a treating physician expresses an opinion that a claimant has conditions which are sufficiently severe to preclude work-

related activity, if those opinions are adequately supported, and if there is no medical evidence to the contrary, the opinion will be controlling. On the other hand, when this is not the case, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242. From a procedural point of view, when the Commissioner does discount the opinion of a treating physician, the Commissioner must identify with specificity "the reasons for discounting the opinions" and must explain "precisely how those reasons affected the weight accorded to the opinions. . . ." *Id.*

The administrative law judge determined that Leach retains the functional capacity to perform sedentary work. (R. 19.) Sedentary work involves lifting no more than ten pounds frequently, and walking or standing for no more than a total of two hours in a normal workday. (20 CFR §§ 404.1567 and 416.967). The administrative law judge found that Leach "is limited to jobs that would afford her the opportunity to alternate between sitting and standing as required for comfort. She is further limited to jobs that can be performed in a temperature-controlled environment. She should not be expected to perform work that would involve exposure to industrial hazards." (R. 19.)

The administrative law judge rejected the opinions of Drs. White and Richardson, Leach's treating physicians, finding,

> Drs White and Richardson both concluded that the claimant would be unable to perform even sedentary work. However, neither opinion is supported by the objective medical evidence of record, but they appear to be based on an uncritical acceptance of the claimant's subjective complaints. As such, neither opinion can be accepted.

(R. 19–20.)

This assessment by the administrative law judge is supported by the record. Dr. Long, a specialist in physical medicine and rehabilitation, examined Leach in June 2003 and found that she was capable of performing medium work. (R. 396–406.) In November 2004, Dr. Cooper examined Leach and found that she could perform sedentary work. (R. 505 and 510–11.) Dr. Hutson, an orthopedic surgeon, testified that Leach could perform sedentary work. (R. 820–21.) Findings on clinical examination by Drs. White and Richardson were modest. Dr. White, her surgeon, merely

> said that there was nothing surgical he could do for Leach. Her spinal fusion was stable. There were no focal deficits, but Leach complained that her pain was not diminished by the surgery. (R. 443 and 445.) On examination, Dr. Richardson found palpation and range of motion to be normal. There was mild to moderate muscle tenderness throughout the lumbar spine. (R. 490.) Motor, sensation and reflex testing were normal. (R. 749–50.) On this record, the administrative law judge was not required to accept the opinions of Drs. White and Richardson on the issue of disability.

ECF No. 19 at 22–24.

Despite Plaintiff's assertion to the contrary, the Magistrate Judge considered all the evidence of record. *See* ECF No. 19 at 4–12. When a record contains other substantial evidence that is inconsistent with that of a treatment provider, the administrative law judge must determine the weight to assign a treating source's opinion. Because the administrative law judge relied on substantial evidence in the record to support his finding that the opinions of Drs. White and Richards were not controlling, Plaintiff's objections are **OVERRULED**.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED**. Defendant's motion for summary judgment is **GRANTED**. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for Defendant. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　／s／ Michael H. Watson
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**